LAW OFFICES OF
# GERALD B. LEFCOURT, P.C.
A PROFESSIONAL CORPORATION
148 EAST 78TH STREET
NEW YORK, NEW YORK 10075

GERALD B. LEFCOURT
lefcourt@lefcourtlaw.com

TELEPHONE
(212) 737-0400
FACSIMILE
(212) 988-6192

SHERYL E. REICH
reich@lefcourtlaw.com
RENATO C. STABILE
stabile@lefcourtlaw.com
FAITH A. FRIEDMAN
ffriedman@lefcourtlaw.com

July 3, 2012

VIA ECF and E-MAIL

The Honorable Richard J. Sullivan
United States District Judge
United States District Court
Southern District of New York
500 Pearl Street
New York, N.Y. 10007

*United States v. Oliver Pan, et al. S1 12- Cr- 153 (RJS)*

Dear Judge Sullivan:

  We write as counsel to Jenny Hou, a defendant in the above matter, in anticipation of the conference scheduled in the matter for July 10, 2012, at 10 a.m. Our purpose here is to advise the Court of the issues we believe may arise at the conference.

  Ms. Hou was, until she resigned after being charged here, the treasurer of New York City Comptroller John Liu's campaign for the 2013 New York City mayoral race ("campaign"). The superseding indictment ("Indictment") charges Ms. Hou in four counts for actions undertaken for the campaign.

  Count One alleges a conspiracy amongst Ms. Hou, co-defendant Oliver Pan, and others known but un-named, and others unknown, to deprive New York City of funds through a scheme to obtain campaign matching funds improperly, in violation of 18 U.S.C. §1349. It is alleged that the conspirators sought to increase matching funds by unlawfully maximizing the number of matchable donations. That, according to the Indictment, would be accomplished by accepting contributions from donors who were falsely claiming they were making campaign contributions from their own funds when in fact they were "straw donors", making the contributions with funds received from others or with the expectation of reimbursement by others. The campaign has neither applied for nor received any matching funds.

LAW OFFICES OF
GERALD B. LEFCOURT, P.C.

> The Honorable Richard J. Sullivan
> United States District Judge
> United States District Court
> Southern District of New York
> July 3, 2012
> Page 2

Count Two alleges an attempt to engage in the same scheme, in violation of 18 U.S.C. §§ 1349, 1342 and 2.

Count Three charges Ms. Hou with knowingly failing to produce documents to the grand jury, in violation of 18 U.S.C. §1512(c)(2).

Count Four charges Ms. Hou with making two false statements to prosecutors in violation of 18 U.S.C. §1001: (a) an assertion that all intermediaries required to be disclosed were disclosed in a January 2012 filing with the New York City Campaign Finance Board ("CFB");[1] and (b) an assertion that she provided all responsive documents to the grand jury after, *inter alia*, looking at every e-mail in her e-mail account.

***Government Disclosure:*** We approximate we have received some 84,898 pages of written material (in electronic format); approximately 65,000 e-mails; spreadsheets with more than 46,000 lines of data; and 1,166 audio and video recordings, some significant number of which are in Mandarin in whole or in part. Of these recordings, approximately 250 of the conversations either discuss Ms. Hou or were conversations in which Ms. Hou was a participant. We have not yet received draft transcripts of any conversations the government intends to introduce at trial, though conversations have been summarized in line sheets provided by the government. In addition to these materials, the government has made available for inspection in their offices the bulk of the production made by the 2009 and 2013 Liu campaigns, consisting of approximately 15 – 20 boxes of documents.

We have not yet been through even the bulk of the discovery that has been provided. We anticipate, if the government continues to decline to provide the assistance we have requested and which we discuss below, it will take at least an additional eight weeks to go through what has been produced to date.

---

[1] According to the CFB, an "intermediary" is an individual or entity "who either deliver[s] contributions to a campaign or solicit[s] contributions on behalf of a campaign where such solicitation is known to the campaign". Though CFB rules require the identification of intermediaries in periodic reports filed with the CFB, the CFB lists numerous exceptions to the reporting requirements, including "hosts of a campaign sponsored event where the campaign partially or entirely covers the expenses for the event", "full time campaign staff", and others. *See* 2009 Campaign Finance Handbook published by the New York City Campaign Finance Board at 22.
http://www.nyccfb.info/candidates/candidates/handbooks/2009_Handbook.pdf?sm=candidates_ha

LAW OFFICES OF
GERALD B. LEFCOURT, P.C.

>The Honorable Richard J. Sullivan
>United States District Judge
>United States District Court
>Southern District of New York
>July 3, 2012
>Page 3

      However, "getting through" the material, and reviewing it with an understanding of what it is the government will contend at trial about it, are two vastly different things. Unless we know what documents the government will contend were not produced by Ms. Hou; which of the over 1000 recorded conversations it intends to offer; which of the approximately 130 fundraising episodes the government will contend required intermediary disclosure;[2] and who of the approximately 2000 listed individual contributors to the campaign the government will contend were straw donors, we are just spinning our wheels reviewing the discovery. While the refusal to disclose now may assist the government in getting a conviction, it does not serve justice or the truth to have the government dump this mass of materials on us and then, in the few frantic weeks before trial, for the first time identify (i) the conversations it already knows it will offer; (ii) the names of the campaign contributors it already knows it will claim were reimbursed and/or the persons it will claim were the real donors; (iii) the documents it already has lined up as material and intentionally omitted by Ms. Hou from the campaign's production; (iv) the fundraising episodes it will contend involved disclosable intermediaries, and so on.

      In several letters to prosecutors and in a face to face meeting with them we have asked the government to provide certain information to us which we believe is crucial to our being able to prepare for trial. The government has to date declined to provide the information or to commit either to provide it or, where it agrees it will be required to provide it, to set a date for doing so. We have asked to meet with supervisors in the Office in an effort to obtain the information, though we have not yet been able to do so. However, we wish to advise the Court of the dispute because if it is not resolved shortly we anticipate asking the Court to require the government to provide the following information.

      1.    **Identification of Straw Donors.** The core claim in the Indictment is that Ms. Hou participated in a conspiracy to obtain campaign matching funds to which the campaign was not entitled. The means alleged for carrying out this scheme was the funneling of funds to so-called straw donors, that is, persons who actually made the donations in their own names but who were donating funds provided to them (or with the expectation that they would later be reimbursed) by others who were not identified as the source of funds. There have been nearly 2000 separate contributors. We have asked the government to identify the persons whom it will claim were straw donors. The government will not do so beyond pointing to those people who

---

[2] We are using the term "fundraising episode" to include fundraising events where multiple persons make donations and instances where donations are sent or delivered to the campaign outside of a fundraising event.

LAW OFFICES OF
GERALD B. LEFCOURT, P.C.

> The Honorable Richard J. Sullivan
> United States District Judge
> United States District Court
> Southern District of New York
> July 3, 2012
> Page 4

made donations with government funds at the August 17, 2011, fundraising event orchestrated by an undercover agent. Without this information, and sufficiently in advance of trial, Ms. Hou must be prepared to meet a claim that any number of 2000 individuals were straw donors. To do that, she must interview them, obtain and analyze financial records, and otherwise prepare to defend herself by, *inter alia*, potentially parading **2000** witnesses through the courtroom, each one of whom would be asked, "did you donate to the 2013 campaign using your own funds and without the expectation that you would be reimbursed?". Or the government could just tell us who they are.

    2. **Identification of Undisclosed Intermediaries.** The Indictment charges Ms. Hou with falsely asserting to prosecutors, in sum or substance, that all intermediaries known to the campaign were disclosed in the January 2012 filing with the CFB. The government alleges that is not so and that there are intermediaries who should have been disclosed at that time but were not. We have asked the government to identify each person whom the government will claim at trial was an intermediary who should have been but was not disclosed. The government has declined to do so. Instead, the government has pointed to the Complaint, in which five unnamed intermediaries ("Intermediaries 1-5") are referenced, though the government has not specifically told us that each is an undisclosed intermediary. In addition, the government has asserted that we should look at each fundraising event or activity mentioned in the Complaint with respect to which the government may claim that an intermediary should have but was not disclosed. In response, we asked that the government at least identify the pool of possible intermediaries to be disclosed for each such fundraising episode. It has declined to do that, as well. It also refused to say whether there will be other fundraising episodes it will claim had intermediaries who should have been but were not disclosed. There were approximately 130 separate fundraising episodes in the campaign during the relevant period. And at present, Ms. Hou must be prepared to meet an allegation that she failed to disclose intermediaries without knowing who the government will claim was not disclosed with respect to each one.

As suggested above in n.1, the question of who is an intermediary and whether he or she has to be disclosed is highly factual. Thus, the withholding of this information puts Ms. Hou at an extraordinary disadvantage in being able to prepare for trial. Either she must now use her limited resources to prepare to try the facts and circumstances surrounding each of the approximately 130 fundraising episodes or she can wait until the government identifies those episodes, possibly at trial, and then scramble to put together a defense.

    3. **Recorded Conversations.** As noted above, the government has provided recordings of in excess of 1100 conversations, some of which the government contends were

LAW OFFICES OF
GERALD B. LEFCOURT, P.C.

The Honorable Richard J. Sullivan<br>
United States District Judge<br>
United States District Court<br>
Southern District of New York<br>
July 3, 2012<br>
Page 5

recorded consensually and the rest of which the government contends were recorded pursuant to court-authorized wiretaps. Of those, roughly one quarter are conversations identified by the government as being with or concerning Ms. Hou. All of the Hou recordings were obtained pursuant to seven separate wiretap orders.

We are already confident, from the limited review we have been able to perform, that there is no recorded conversation in which Ms. Hou discusses in any discernible manner either her allegedly knowing involvement in the alleged conspiracy or any of the other unlawful acts of which she is accused. In other words, none of them is identifiable as incriminating. For that reason, we anticipate that if the government does in fact offer any conversations, it will be as evidence of some obscure link in a very long chain or for other purposes. Unlike with a conversation that is readily identifiable as incriminating, here, with no obvious relevance to any of them, and without knowing what conversations the government intends to offer, it is impossible to prepare to meet the claims the government will make about these conversations.

At present, it is beyond Ms. Hou's resources to work to put every one of these 250 conversations in its factual context, including by reference to contemporaneous documents, as well as by interviewing the participants to these conversations, all in order to prepare to meet what the government might say about them. Nor, other than to have the government try this case by ambush, does it make any sense to do so. There are no victims to protect, no threat of violence against witnesses, no evidence of any benefit to be achieved by waiting for disclosure other than the leg up it gives the government to do so.

    4. **Trial Exhibits.** We have asked the government to identify, on a nonbinding and preliminary basis, those documents it has already determined will likely be trial exhibits. We have done this in an effort to narrow our focus in preparing for trial. Given the mass of the discovery and the astounding number of potential exhibits, the refusal to narrow our focus results in requiring Ms. Hou to expend her limited resources preparing for a trial that may be very different from what can now be discerned. Indeed, preparation for trial is more a game of hide and seek than an effort to inform the defendant of the charges so she can prepare for trial.

For example, we have asked the government to identify those documents it will contend Ms. Hou knowingly failed to produce. The government has advised us to compare all documents the government obtained pursuant to the search warrant of Ms. Hou's Google account (e-mail and gchats) and to compare those to the set of e-mails and gchats the government contends Ms. Hou produced. In other words, rather than the government simply identifying the documents it will contend at trial Ms. Hou intentionally failed to produce, we are required to prepare to try a

LAW OFFICES OF
GERALD B. LEFCOURT, P.C.

The Honorable Richard J. Sullivan
United States District Judge
United States District Court
Southern District of New York
July 3, 2012
Page 6

case on the materiality of every such document, even though the government has said that there are "many" and it is highly unlikely that it will offer all such documents.

Moreover, while the universe of e-mails and gchats gathered by Ms. Hou to be produced by the two campaigns is finite, Ms. Hou did not in fact produce any documents: documents were produced in response to a subpoena to the campaigns. Thus, in order to determine whether the campaigns produced documents alleged not to have been "produced" by Ms. Hou, we must review all of the productions, not just the documents which the government asserts was produced "by" Ms. Hou. This defense make-work project is just about hiding the ball.

As noted above, we are not now asking the Court to intervene in this matter but we anticipate we will be required to do so if the government will not agree to provide the information.

***Anticipated Motions:*** Since we have not yet completed our review of the discovery we are not in a position to state with certainty the motions we are likely to make. However, at the present time we anticipate making the following motions: (i) to suppress the e-mails obtained pursuant to a search warrant served on Google for Ms. Hou's account, on the grounds, *inter alia*, that there was no probable cause to support the search and that the government omitted material facts in its possession that are likely to have affected the court considering the application for the search warrant; (ii) to suppress some or all of the conversations obtained from seven separate wiretaps on the grounds, *inter alia*, that there was no probable cause and that there was a failure to exhaust conventional investigative techniques; and (iii) to sever the trials of Ms. Hou and Mr. Pan so that Ms. Hou may call Mr. Pan as a witness on her behalf in order to have him provide at least the exculpatory evidence he previously provided to the government. We also anticipate making motions *in limine* though we would, unless directed otherwise, expect to make those closer to trial. Those motions generally concern evidence that we anticipate the government will offer as acts and statements made in furtherance of the conspiracy alleged but which we will contend were not and cannot as a matter of law have been in furtherance of the conspiracy

LAW OFFICES OF
GERALD B. LEFCOURT, P.C.

>The Honorable Richard J. Sullivan
>United States District Judge
>United States District Court
>Southern District of New York
>July 3, 2012
>Page 7

alleged.

    Thank you for your attention to the matter.

>Respectfully submitted,
>
>*Gerald B. Lefcourt*
>
>Gerald B. Lefcourt

cc: All counsel via ecf and e-mail