
**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*
*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

April 14, 2013

**BY ELECTRONIC MAIL**

The Honorable Richard J. Sullivan
United States District Judge
Thurgood Marshall U.S. Courthouse
40 Foley Square, Room 2104
New York, New York 10007

    Re:    **United States v. Xing Wu Pan and Jia Hou,**
            **No. S1 12 Cr. 153 (RJS)**

Dear Judge Sullivan:

    The Government respectfully submits this response to Jia Hou's letter of today's date urging the preclusion of evidence that Sharon Lee offered to reimburse donors at the same time as Ms. Hou, from the same place as Ms. Hou, and within days of an instant-message communication with Ms. Hou about a straw donor scheme. The idea that this evidence is irrelevant to the charged offense is untenable, and it bears noting that, to date, Ms. Hou has identified no authority whatsoever that supports her position that excluding this evidence is appropriate under applicable law.

    As an initial matter, Ms. Hou is wrong about the nature of Ms. Lee's testimony and the basis for its admissibility. The Government expects that Ms. Lee will testify that the instant message communication marked as Government Exhibit 263 contains a hypothetical scenario describing a straw donor scheme.[1] That Ms. Hou and Ms. Lee communicated about a straw donor scheme and then both solicited donors with the promise of reimbursement at the same time and from the same place is probative of whether an understanding existed between Ms. Hou, Ms. Lee, and others to reimburse donors to the campaign.

    Ms. Hou is also wrong about the legal standard that governs the admission of this evidence. Ms. Hou argues that, from this evidence, no one "could rationally conclude that there was coordination" between Ms. Hou and Ms. Lee. (Hou Ltr. 2). But that is not what the rules

---

[1] As recently as April 11, 2013, Ms. Lee confirmed that this instant message pertained to a hypothetical straw donor scheme where an illegal $10,000 cash donation would be funneled into a campaign by straw donors. Ms. Lee also offered self-serving excuses and explanations for this instant message and her other conduct which the Government does not credit.

Hon. Richard J. Sullivan
April 14, 2013
Page 2 of 3

require.[2] Rule 401 of the Federal Rules of Evidence defines "relevant evidence" as "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." It does not require that a jury be able to conclude based solely on the evidence that something happened – only that it is more probable that it did. *See United States v. Gonzalez*, 110 F.3d 936, 941 (2d Cir. 1997) ("To be relevant, evidence need only tend to prove the government's case, and evidence that adds context and dimension to the government's proof of the charges can have that tendency. Relevant evidence is not confined to that which directly establishes an element of the crime."). Evidence that Ms. Lee communicated with Ms. Hou about straw donors and then went out to recruit some for the campaign satisfies that standard.

Even under Ms. Hou's test, the evidence would be admissible. Consider a defendant who communicates with a potential witness about a "hypothetical" scenario that involves obtaining a kilogram of cocaine, diluting it with acetone, cooking it, and then selling it as crack. Both the defendant and the witness then separately recruit crack customers in similar ways, around the same time, and in the same place. If that defendant were to file a motion precluding evidence of the witness's crack solicitations as irrelevant to a drug conspiracy prosecution, it would be dismissed as utterly contrary to the rules of evidence and the teaching of the Second Circuit. *See United States v. Santos*, 425 F.3d 86, 99 (2d Cir. 2005) (rejecting sufficiency challenge in light of evidence that defendant's actions were "coordinated" with other drug sellers); *cf. In re Currency Conversion Fee Antitrust Litigation*, 773 F.Supp.2d 351, 366 (S.D.N.Y. 2011) ("Evidence of parallel conduct is probative of an antitrust conspiracy."); *United States v. Almanzar*, 749 F.Supp. 538, 541 (S.D.N.Y. 1990) ("coordination of activity" between defendant and drug dealers established probable cause). It is little wonder that Hou has identified no decision of the Second Circuit approving the preclusion of similar evidence on relevance grounds.

Ms. Hou makes much of Ms. Lee's self-serving denials of involvement in the charged conspiracy and Ms. Lee's attempts to minimize the facts that she must admit because they are either documented or otherwise provable. (Hou Ltr. 2-3). As is clear from Ms. Hou's letter, Ms. Lee has made herself available to counsel for Ms. Hou in advance of the trial, and Ms. Lee has made it plain where her sympathies lie in this case. For its part, the Government expects to call Ms. Lee as a hostile witness for the limited purpose of corroborating aspects of its case regarding the inner-workings of the campaign, to establish the meaning of the instant message described above, and to elicit Ms. Lee's own reimbursement of donors. Insofar as Ms. Lee offers testimony beyond those limited matters which the Government does not elicit and does not credit, it intends to impeach her. Contrary to Ms. Hou's belief, this is entirely appropriate. Rule 607 provides that "any party, including the party that called the witness, may attack the witness's credibility." And "[w]here the Government has called a witness whose corroborating testimony is instrumental to constructing the Government's case, the Government has the right to question the witness, and to attempt to impeach him about those aspects of his testimony that conflict with

---

[2] It is not surprising that Ms. Hou fails to identify the appropriate legal standard as her submission relies on very little legal authority. Indeed, the few citations it contains are not from the Second Circuit, pre-date the Carter Administration, or both.

the Government's account of the same events." *United States v. Eisen*, 974 F.2d 246, 262-63 (2d Cir. 1992) (emphasis added); *United States v. Veal*, No. 98-1539, 182 F.3d 902, 1999 WL 446783 at *2 (2d Cir. Jun. 16, 1999) ("A prosecutor has broad latitude in questioning a hostile witness and may impeach the witness and argue to the jury that the witness lied"). Here, as in those cases, there are critical truthful statements that the Government must elicit from Ms. Lee, but there also may be components of Ms. Lee's testimony that the Government expects it may be forced to impeach, and there are inferences and conclusions that the Government will ask the jury to draw from the evidence that may differ from Ms. Lee's accounts of events. Accordingly, Ms. Hou's reliance on contested, self-serving statements of Ms. Lee as a basis to limit her testimony should be rejected.

In light of Ms. Hou's stated intention to elicit favorable testimony from Ms. Lee, it is nothing short of remarkable that she would ask this Court to preclude the Government from eliciting Ms. Lee's solicitation of straw donors to impeach that favorable testimony. Ms. Hou intends to elicit testimony from Ms. Lee of a "lack of ever having articulated any knowledge of or intention of the use of straw donors to obtain campaign matching funds." (Hou Ltr. at 5). Were Ms. Hou to elicit such a statement from Ms. Lee, it would be entirely proper for the Government to impeach Ms. Lee with evidence that she, in fact, did solicit straw donors for the campaign. Ms. Hou's belief that this evidence is not even admissible as impeachment material under these circumstances underscores the error in her crabbed definition of appropriate impeachment material.

For these reasons and those set forth in its previous submissions, the Government respectfully requests that the Court deny Ms. Hou's request to preclude evidence of Ms. Lee's efforts to recruit straw donors for the Campaign.

Respectfully submitted,

PREET BHARARA
United States Attorney

By:  _____
BRIAN A. JACOBS / JUSTIN ANDERSON
Assistant United States Attorneys
(212) 637-2512 / -1035

cc: All Counsel (by email)