UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

UNITED STATES OF AMERICA,

        - against-

JIA HOU, *et al.*,

                     Defendants.

S1 12 Cr. 153 (RJS)

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

## MEMORANDUM OF LAW OF JIA HOU IN SUPPORT OF HER MOTION FOR RELEASE PENDING APPEAL

October 24, 2013

GERALD B. LEFCOURT, P.C.
Gerald B. Lefcourt
Sheryl E. Reich
Renato C. Stabile
148 East 78th Street
New York, N.Y. 10075
(212) 737-0400
(212) 988-6192
lefcourt@lefcourtlaw.com
*Attorneys for Jia Hou*

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ................................................................................................. i

Introduction ............................................................................................................................ 1

    I.    Legal Standard For Granting Release Pending Appeal ............................................. 2

        A.  Ms. Hou Is Not Likely To Flee Or Pose A Danger To The Safety Of Any Other Person In The Community ............................................................................ 2

        B.  Additional Factors ............................................................................................. 3

            1.  Is the Appeal For Purposes Of Delay? ...................................................... 3

            2.  Does The Appeal Raise Substantial Questions Of Law Or Fact? ............. 4

                a.  Rule 29 Issues ................................................................................. 4

                b.  The Improper Jury Instruction ....................................................... 6

                c.  Various Evidence Rulings .............................................................. 7

                d.  The Google Search Warrant ........................................................... 8

            3.  Is the Question "Likely to Require Reversal"? ......................................... 8

    II.   The Bail Reform Act Did Not Intend For Defendants Receiving Relatively Short Sentences to be Deprived of the Right to Bail on Appeal ........................................ 10

Conclusion ............................................................................................................................ 14

# TABLE OF AUTHORITIES

Page(s)

**CASES**

*Boyer v. City of Orlando*,
402 F.2d 966 (5th Cir. 1968) ................................................................. 12

*Cary v. Ricks*,
2001 U.S. Dist. LEXIS 3650 (S.D.N.Y. March 30, 2001) ...................... 13

*Meskel v. United States*,
2005 U.S. Dist. LEXIS 17607 (D.D.C. July 13, 2005) .......................... 13

*United States v. Koschuk*,
2010 U.S. Dist. LEXIS 127641 (W.D.N.Y. Dec. 3, 2010) ..................... 4, 6

*United States v. LaGiglio*,
384 F.3d 925 (7th Cir. 2004) ................................................................. 12

*United States v. Moscariello*,
1999 U.S. Dist. LEXIS 6833 (E.D. Pa. May 5, 1999) ........................... 12

*United States v. Newman*,
2013 U.S. Dist. LEXIS 70242 (S.D.N.Y. May 7, 2013) ........................ 3, 4

*United States v. Randell*,
761 F.2d 122 (2d Cir. 1985) .................................................................. 2, 8, 9

**STATUTES**

18 U.S.C. §§ 3141(b) ..................................................................................... 1

18 U.S.C. § 3143(b) ....................................................................................... 1, 2, 11, 12

18 U.S.C. §3145 ............................................................................................. 10

**OTHER AUTHORITIES**

Fed.R.Evid. 403 ............................................................................................. 7

Fed.R.Evid. 404(a) ......................................................................................... 7

Fed.R.Evid. 404(b) ......................................................................................... 7

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------- X

UNITED STATES OF AMERICA,

- against-

JIA HOU, *et al.*,

                    Defendants.

-------------------------------------------------------------- X

S1 12 Cr. 153 (RJS)

## MEMORANDUM OF LAW OF JIA HOU IN SUPPORT OF HER MOTION FOR RELEASE PENDING APPEAL

**Introduction**

    Jia (Jenny) Hou brings this motion pursuant to 18 U.S.C. §§ 3141(b) and 3143(b) for release pending disposition of her appeal to the United States Court of Appeals for the Second Circuit to challenge her conviction and 10-month sentence in the above-captioned matter. She is currently required to surrender on December 10, 2013, to the institution to which she is designated. *See* Judgment in a Criminal Case, annexed to the Declaration of Sheryl E. Reich, Esq., dated October 24, 2013 ("Reich Decl."), as Exhibit "A", at 2.

    Aside from her meeting all other conditions for release pending appeal, as detailed below, a stay of her surrender pending appeal should be granted here because if Ms. Hou were to begin to serve her sentence now, her sentence would likely be completed in advance of disposition of the appeal. Thus, without bail pending appeal, Ms. Hou would be deprived of a substantial benefit of the appeal even if she prevails entirely – the avoidance of a term of imprisonment.

I.  **Legal Standard For Granting Release Pending Appeal**

Under 18 U.S.C. § 3143(b), as articulated by the Second Circuit in *United States v. Randell*, 761 F.2d 122, 124 (2d Cir. 1985), before a district court may grant bail pending appeal, it must find:

> (1) that the defendant is not likely to flee or pose a danger to the safety of any other person or the community if released;
>
> (2) that the appeal is not for purpose of delay;
>
> (3) that the appeal raises a substantial question of law or fact; and
>
> (4) that if that substantial question is determined favorably to defendant on appeal, that decision is likely to result in reversal or an order for a new trial on all counts on which imprisonment has been imposed.

(internal citations omitted).

We address these factors in turn.

A.  **Ms. Hou Is Not Likely To Flee Or Pose A Danger To The Safety Of Any Other Person In The Community.**

As a threshold matter, a defendant seeking bail pending appeal must convince a court that she is neither a flight risk nor a danger to the community. We believe the government would concede that Ms. Hou is neither. Indeed, if Ms. Hou were intending to flee rather than to serve her sentence and otherwise to comply with every requirement and condition imposed on her, then one would have thought she would have done so when she was facing the threat of substantially longer time in prison than she received. As detailed in the Pre-Sentence Report ("PSR"), the government sought a term of imprisonment of no less than 24 months, and the Probation Department determined that 18 months was appropriate. Yet, despite facing those possibilities, and a statutory maximum of considerably more, she has appeared as required,

2

including for sentencing. If the threat of more jail time did not daunt her, there is no reason to imagine that facing less time will do so.

As set forth in the PSR (at ¶8), Ms. Hou has been fully compliant with all of the conditions of her pre-trial release and that has not changed since sentencing. She was recommended as an appropriate candidate for voluntary surrender (PSR at 35) and the Court accepted that recommendation. Reich Decl. Exhibit "A" at 2. Thus, there is no basis to contest that Ms. Hou is a flight risk. She will appear as required.

As to being a danger to the community, no such claim has ever been made nor do we believe that any credible claim could be made.

### B. Additional Factors

Once a defendant has met her burden of demonstrating that she is neither a flight risk nor a danger to the community, she then has the burden of persuading the court that the appeal is not taken for the purpose of delay and that the appeal raises a substantial question of law or fact likely to result in a reversal, a new trial, or a sentence that will be less than the total time already served prior to and during the pendency of the appeal. *See United States v. Newman*, 2013 U.S. Dist. LEXIS 70242, at *2 (S.D.N.Y. May 7, 2013). Ms. Hou satisfies each of those requirements.

### 1. Is the Appeal For Purposes Of Delay?

Ms. Hou's appeal is not for the purpose of delay. Ms. Hou has been vigorously litigating the charges against her and intends to pursue the appeal diligently. The delay occasioned by the appeal, as more fully set forth below, is finite. A delay of the sentence is sought principally because if she is not released and instead is required to serve her sentence, she is likely to complete the sentence before disposition of the appeal. Such a result should be avoided.

3

2. **Does The Appeal Raise Substantial Questions Of Law Or Fact?**

As this Court recognized in *Newman, supra*, a "substantial question" for purposes of satisfying this prong is a "close question or one that very well could be decided the other way", *quoting United States v Randell, supra,* 761 F.2d 125) (*quoting United States v. Giancola*, 754 F.2d 898, 901 (11th Cir. 1985)). Or, as more recently articulated by a sister court, a question of whether "reasonable minds could differ". *United States v. Koschuk*, 2010 U.S. Dist. LEXIS 127641 at *3-4 (W.D.N.Y. Dec. 3, 2010). There are a number of such questions, many of which have previously been briefed to the Court.

   a. *Rule 29 Issues*

Ms. Hou raised a number of issues that she briefed in support of her Rule 29 motion. Though this Court determined that the issues did not warrant a new trial, we believe there is no question that they are "substantial". Moreover, resolution of any one of them in her favor would or could result in the convictions being vacated.

For example, Ms. Hou argued that there was insufficient evidence to sustain the counts of conviction. *See* Memorandum of Law in support of motion under Fed.R.Crim.P. Rule 29, dated May 31, 2013 [Dkt. No. 164]. By Order entered September 10, 2013 [Dkt. No. 174], the Court denied the motion upon a finding that, if the evidence is viewed in the light most favorable to the government and taking into account the totality of circumstances, there was sufficient evidence from which a rational jury could find Ms. Hou guilty of the counts of conviction. Order at 2. But that does not mean that the questions are not "substantial", that is, that the Appellate Court could not see it differently.

Without repeating the arguments made in that motion, the core argument concerns the conviction of attempted wire fraud. The government argued that there were two bases upon

4

which the jury could find that Ms. Hou committed the offense. The first was her solicitation of a donation from Thomas Wang, an out of state resident whose donation, even if reimbursed, could not have been used to claim matching funds. The second, alternate, theory was that Ms. Hou knowingly participated in the solicitation and collection of reimbursed donations relating to the May 9th and August 17th fundraising events.

It was and remains Ms. Hou's argument that this conviction cannot be sustained. If the conviction was based on the Thomas Wang theory, then it is unsustainable as a matter of law. That is so because the leap needed to make the solicitation part of the straw donor fraud – that had he made a donation then matching funds would have been sought by creating a false New York address for him – requires impermissible speculation. Thus, any conviction on the Thomas Wang theory cannot be sustained as a matter of law since the solicitation of Thomas Wang, without it being tied to a matching fund scheme, does not make out the crime of wire fraud.

Alternatively, if the jury found that Ms. Hou was guilty of attempted wire fraud because of her participation in fundraising activity around the May 9th and August 17th events, then that conviction is insufficient as a matter of fact. Taken in reverse order, the Court itself, at sentencing, determined that there was insufficient evidence of Ms. Hou's knowing involvement in the August 17th fundraising event even under the lower standard needed to include the amount raised at the event in calculating the intended loss amount for sentencing purposes. So, clearly, there was insufficient evidence upon which to base a conviction for that same involvement. As to the evidence of her knowing involvement in the May 9th related fundraising, in light of (i) the uncontradicted evidence from three government witnesses that they never told Ms. Hou about the reimbursements, and (ii) the efforts they took to hide the fact from Ms. Hou, we do not believe there was sufficient direct evidence to sustain the conviction on that basis, either. Instead, the

5

government argued that circumstantial evidence, in particular, her alleged failure to disclose Meng Hua Wang as an intermediary at that event, showed her guilty knowledge. As to that, Ms. Hou argued and intends to press vigorously on appeal that the government's assertion of the law with regard to intermediary disclosure is not only not supported by the evidence adduced at trial, but is also wrong. And without the inferences the government asked the jury to make from her alleged failure to disclose the intermediary, the evidence will be deemed insufficient as to this theory of liability.

Where, as here, the sufficiency of the evidence as to guilt could "go either way", that conclusion satisfies the requirement that an issue to be raised on appeal is "substantial". *See United States v. Koschuk, supra,* 2010 U.S. Dist. LEXIS 127641 at *3-4 ("Here, although this Court is of the view that the evidence presented at trial was sufficient to sustain Defendant's conviction and establish that he knowingly threatened Jason Macken with the intent to retaliate against him for testifying against his father, this Court recognizes the possibility that reasonable minds could differ in that assessment. Defendant's appeal therefore presents a substantial question for purposes of evaluating his instant request for release").

    b. *The Improper Jury Instruction*

Ms. Hou also intends to argue on appeal that the deficiencies in the government's proof with respect to the attempt count – in particular, he knowledge and intent with respect to the May 9th related fundraising – were improperly assuaged by what she believes was an unwarranted "conscious avoidance" instruction given to the jury. Again, we will not repeat the arguments made and which the Court rejected. But we believe the question of whether this case fit within the severely limited set of circumstances in which such instruction may be given is a substantial question.

6

### c. *Various Evidence Rulings*

Contributing to the argument that the evidence was insufficient to support the convictions were several key pre-trial evidentiary rulings, reiterated at trial, allowed into evidence that was irrelevant and/or unfairly prejudicial. And without that evidence, Ms. Hou challenges that any rational juror could have voted to convict.

Again, without repeating the arguments previously made, in pre-trial in limine motions dated January 4, 2013, Ms. Hou argued that the following evidence should not be admitted at trial and will argue on appeal that it should not have been admitted: (i) the solicitation of a donation from Thomas Wang, on the grounds that the donation could not be used for matching funds and therefore was irrelevant; (ii) several e-mail discussions with Sharon Lee concerning the redaction of irrelevant information from forms being submitted to the Campaign Finance Board and about the hypothetical use of cash; and (iii) a text conversation with campaign volunteer Jorge Fanhuil concerning writing on donor forms. Ms. Hou argued that none of this evidence should be admitted because it was (a) irrelevant to the issues at trial, both substantively and pursuant to Fed.R.Evid. 404(b); (b) was really being offered under Fed.R.Evid. 404(a) in that it tended to show that Ms. Hou had a predisposition to commit the kinds of criminal acts alleged; and (c) even if relevant was unfairly prejudicial and should be excluded under Fed.R.Evid. 403 because it would confuse the jurors as to the issues at trial.

To the extent the Court found, in deciding the Rule 29 motion, that there was sufficient evidence, the evidence certainly included evidence that Ms. Hou will argue on appeal should never have been admitted. These questions, too, are substantial.

### d. The Google Search Warrant

Additionally, Ms. Hou moved pre-trial to exclude the evidence obtained from a search warrant issued to Google for the contents of Ms. Hou's e-mail account. As the Court may recall, the search warrant application was all but entirely based on Ms. Hou's participation in the August 17th fundraising event. *See* Memorandum of Law in Support of Pre-Trial Motions, dated September 10, 2012 [Dkt. No. 49]. As was argued previously, and again, without repeating it in detail, the government omitted from the search warrant application material facts which should have been presented to the court considering the application. While this Court denied the motion, pre-trial, we note that the Court has now determined, knowing the totality of evidence, that the evidence of Ms. Hou's knowing involvement in the August 17th straw donations was unpersuasive even for sentencing purposes. Thus, we believe that the motion concerning the legality of the search raises a significant question.

### 3. Is the Question "Likely to Require Reversal"?

As the Second Circuit explained in *Randell*, if "a court does find that a question raised on appeal is 'substantial,' it must then consider whether that question is 'so integral to the merits of the conviction on which defendant is to be imprisoned that a contrary appellate holding is likely to require reversal of the conviction or a new trial.'" 761 F.2d 125 (*quoting United States v. Miller*, 753 F.2d 19, 23 (3d Cir. 1985)).

To satisfy this prong, a defendant need not, as she likely could not, convince a trial court that the trial court is likely to be reversed on appeal. To state the obvious, if a trial court knew it was likely to be reversed on appeal, in most circumstances it would rule differently. Thus, no such requirement is imposed under §3143. As the Court of Appeals has said,

> . . .the phrase 'likely to result in reversal or an order for a new trial' cannot reasonably be construed to require the district court to

8

> predict the probability of reversal . . . Instead, the language must be read as going to the significance of the substantial issue to the ultimate disposition of the appeal. . . We do not believe [Congress] intended either to eliminate bail pending appeal or make such bail dependent upon 'the willingness of a trial court to certify' that it is likely to be reversed.

*Randell, supra,* 761 F.2d 125 (*quoting Miller, supra,* 753 F.2d at 23).

We have highlighted in the section above, discussing the significance of the points on appeal, that each would result in a reversal – thus satisfying this prong. In our view, the obstruction-related counts cannot stand should Ms. Hou prevail on one or more of the arguments outlined above.

First, the obstruction count (Count 3), based on the failure to produce the e-mails later found in her Google account, cannot stand if the evidence in support thereof, namely, the e-mails, is ruled to have been obtained unlawfully.

The false statements count, as with the multiple theories presented to the jury on the attempt count, presented two unrelated theories – that she lied about having reported all intermediaries required and that she produced all documents. We have argued that the evidence presented at trial will not support a determination that Ms. Hou failed to report all intermediaries required and that allowing the jury to consider such argument was error. As to the alternate grounds, relating to her production of documents, that is at least dependent upon whether the search warrant through which the Google account was obtained was properly issued. Without the contents of the Google account the charge cannot be proven.

Finally, we believe that the jury's view of the obstruction counts was tainted by its erroneous determination that Ms. Hou was guilty of the attempt. If the attempt is vacated then the obstruction counts cannot stand. That is particularly so because while what Ms. Hou did was not in dispute, why she did it very much was. To the extent "why" she did it was based upon

9

either the spillover from her alleged guilt on the attempt, or based on erroneous arguments concerning intermediaries, the conviction cannot stand.

Taken together, while the Court has disagreed with these legal positions taken, as expressed by its denial of the several motions, we submit that these are substantial questions that the Court of Appeals should have the opportunity to rule on in advance of Ms. Hou serving the sentence imposed.

## II. The Bail Reform Act Did Not Intend For Defendants Receiving Relatively Short Sentences to be Deprived of the Right to Bail on Appeal.

Under 18 U.S.C. §3145, the court may also consider whether "exceptional circumstances" warrant release on bail. As noted in the introduction, a principal basis for granting Ms. Hou bail on appeal, quite apart from the fact that she otherwise satisfies each of the criteria as to which she bears the burden, is that if she is not granted bail on appeal she will be deprived of a substantial benefit any appeal may bring, namely, vacating the sentence should the conviction be vacated. We submit that this presents an exceptional circumstance that warrants bail pending appeal.

Ms. Hou was sentenced to ten months' incarceration. While no one has the ability to predict with precision how long any particular appeal will take, from the filing of the notice of appeal to the final disposition, there are statistics available for guidance. According to the data maintained by the Administrative Office of the United States' Courts, for the twelve month period ending June 30, 2013, an appeal of a criminal conviction filed in the Second Circuit took 10.8 months. This is actually a significant departure from the prior periods, with no ability to predict the future: For the period

10

ending 6/3/08, it took 17.5 months; 6/30/09, 17.2 months; 6/30/10, 14.1 months; 6/30/11, 12.0 months; and 6/30/12, 12.1 months.[1]

Relying on this data, both the most recent data available and those of earlier years, despite a generally downward trend, even at its best Ms. Hou would still likely be released before the appeal were decided. And that does not appear to be what is contemplated under the Bail Reform Act.

As touched upon above, subsection (1)(B) of 18 U.S.C. §3143(b) asks that a court considering bail on appeal determine whether the issues raised on appeal will "likely" have a material impact on the sentence in one of four ways: (i) reversal of the conviction; (ii) an order for a new trial; (iii) a sentence that does not include a term of imprisonment; or (iv) **a reduced sentence to a term of imprisonment less that the total of the time already served plus the expected duration of the appeal process**" (emphasis added). That is, it asks whether the appealing defendant is not released on bail pending appeal might she wind up completing a sentence before the appeal is heard. Clearly, the Bail Reform Act does not expect a defendant to complete his sentence without exercising his right to appeal.

It is certainly true that, while one could argue that no one ought to spend any time in jail if there is a chance that an appellate court will render a decision that eliminates any time in jail, in enacting the Bail Reform Act, Congress saw it differently. Instead, the presumption is that a defendant sentenced to prison will begin his sentence while his appeal is pending – unless he meets the factors set forth in §3143(b). However, in

---

[1] *See* chart attached to the Reich Decl. as Exhibit "B", which can be found at http://www.uscourts.gov/viewer.aspx?doc=/uscourts/Statistics/FederalCourtManagement Statistics/2013/appeals-fcms-profiles-june-2013.pdf&page=7

11

including subsection (iv), clearly, Congress was of the view that making someone serve his entire sentence before an appeal is heard ought not to occur – so long as there is a substantial issue raised on appeal and the appeal is not taken merely for delay.

We have been unable to locate a substantial body of law either interpreting or applying that subsection in a relevant way. However, we have found a consistent expressions by the courts (and concessions by the government) that it is not appropriate for a defendant to serve out his sentence, or even substantially serve out his sentence, while diligently perfecting his appeal.

So, for example, in *United States v. LaGiglio*, 384 F.3d 925, 926 (7th Cir. 2004), the Court considered a motion for bail pending appeal by a defendant whose sentence was deemed improper in light of *Booker* and *Blakely* and was set to be resentenced. The district court had released her and the government appealed. There, the government conceded, and the Court agreed, that where an incarcerated defendant is likely to be resentenced to a term less than what she had already served bail was appropriate. ("The government points out that LaGiglio is entitled to be released only if she is likely to be resentenced to a term of imprisonment shorter than the length of time that she will have been in prison by the time her appeal is decided.") It is simply impossible to understand this as anything other than an expression that a defendant ought not to be required to serve her sentence in advance of an appeal.

Other cases have similar holdings. *See Boyer v. City of Orlando*, 402 F.2d 966, 968 (5th Cir. 1968) (ordering the immediate release on bail of a prisoner who would have completed his 120 day sentence before his habeas case could be docketed for determination); *United States v. Moscariello*, 1999 U.S. Dist. LEXIS 6833 (E.D. Pa. May

5, 1999)(noting that "extraordinary circumstances may exist where the length of a sentence is so short that, if bail were denied, the prisoner might serve the entire sentence before a resolution of her habeas petition" and granting bail pending decision on habeas petition because defendant sentenced to prison term of four months).

Other courts, while determining that bail was not appropriate, have expressed the same view in *dicta*: *Cary v. Ricks*, 2001 U.S. Dist. LEXIS 3650 at *10 (S.D.N.Y. March 30, 2001) (where substantial question raised release on bail appropriate if defendant will complete sentence before review, but not found warranted here); *Meskel v. United States*, 2005 U.S. Dist. LEXIS 17607 at *6 (D.D.C. July 13, 2005) (bail on appeal typically limited to situations involving the impending completion of short sentences or grave illnesses).

Here, because of the length of time it takes to perfect an appeal, schedule argument and await the outcome, it could well be that Ms. Hou would complete a sentence that the Court of Appeals may determine cannot stand. That ought not to occur.

## Conclusion

For all of the reasons discussed herein, we respectfully request that the Court grant Ms. Hou's motion for release pending appeal and stay all aspects of her sentence.

October 24, 2013

                                        Respectfully submitted,

                                        GERALD B. LEFCOURT, P.C.

                                        By: _____/s/_____
                                        Gerald B. Lefcourt
                                        Sheryl E. Reich

                                        148 E.78th Street
                                        New York, N.Y. 10075
                                        (212) 737-0400 (office)
                                        (212) 988-6192 (fax)
                                        Lefcourt@lefcourtlaw.com