UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 12-2-13
```

UNITED STATES OF AMERICA

-v-

JIA HOU, a/k/a "Jenny Hou,"

                        Defendant.

No. 12 Cr. 153 (RJS)
ORDER

RICHARD J. SULLIVAN, District Judge:

At Defendant's sentencing on October 10, 2013, the Court reserved decision on her request for bail while she appeals her conviction. For the reasons set forth below, the Court now denies Defendant's request.

I. LEGAL STANDARD

Although "present federal law disfavors release on bail" after conviction, *United States v. Abuhamra*, 389 F.3d 309, 318 (2d Cir. 2004), a convicted defendant is eligible for bail pending appeal if, among other things, (i) the defendant can show by clear and convincing evidence that she is not likely to flee or pose a danger to others, and (ii) "the appeal raises a substantial question of law or fact likely to result in a reversal, a new trial, or a sentence that will be less than the total time already served prior to and during the pendency of the appeal," *United States v. Aleynikov*, No. 10 Cr. 096 (DLC), 2011 WL 1334850, at *1 (S.D.N.Y. Mar. 28, 2011) (citing 18 U.S.C. § 3143(b)(1)). A defendant bears the burden of persuasion as to these factors. *United States v. Randell*, 761 F.2d 122, 125 (2d Cir. 1985). Here, Defendant has failed to demonstrate that she is not likely to flee the country, and her appeal does not raise a substantial question of law or fact.

## II. LIKELIHOOD OF FLIGHT

Defendant first contends that she is not likely to flee if she is bailed pending appeal. A defendant who is "not likely to flee" is one for whom there is no reasonable risk of flight, in the sense that a reasonable person would not worry that the defendant might flee. *See United States v. Lea*, 360 F.3d 401, 403 (2d Cir. 2004) (requiring a finding that a defendant "posed no risk of flight" to satisfy section 3143); *United States v. DiSomma*, 951 F.2d 494, 496 (2d Cir. 1991) ("To satisfy [paragraph 3143(b)(1)], the trial judge must find that the person poses no risk of flight . . . ."). Defendant's showing on this point is thin. She insists that she has good reason to stay put, arguing that flight would break her ties with family in the United States (Defendant's Reply Brief ("Reply") at 4) and that she would have fled already if ever she were going to flee (Reply at 4–5; Defendant's Memorandum ("Mem.") at 2–3). Family ties are an appropriate factor for the Court to consider, as is past conduct. 18 U.S.C. § 3142(g)(3)(A). However, Defendant's family ties in the United States are strongly counterbalanced by family and community ties in China – where Defendant resided for eleven years, where her grandparents (who raised her) still reside, and where she and her fiancé retain citizenship – and these foreign ties are also factors for the Court to consider. *Id.* With respect to Defendant's argument that she has not yet fled, the Court is unmoved. To be sure, Defendant has abided by the terms of bail up to now, but at this point, absent the intervention of a higher court, nothing stands between her and prison and, most likely, immigration consequences that may entail further detention and even deportation to China. Her dwindling near-term prospects for freedom almost certainly make flight to China – where she may well be deported anyway – all the more appealing. In light of Defendant's ties to China and the tempting, perhaps compelling, option to sidestep ten

months in prison by heading directly to her nation of citizenship, the Court finds that Defendant has failed to provide clear and convincing evidence that she is not likely to flee.

### III. SUBSTANTIAL QUESTIONS

Defendant has also failed to raise a substantial question of law or fact that might lead to reversal, a new trial, or a lesser sentence. Defendant intimates that there are substantial questions at play simply because she filed a Rule 29 motion and is now appealing her conviction before the Second Circuit, which could, potentially, disagree with this Court's Rule 29 decision and its evidentiary rulings and jury instructions. (Reply at 5 ("[Al]though the Court came to a different conclusion as to the merits of the arguments, the *arguments* were substantial." (emphasis added)); Reply at 8 ("If there were not substantial issues on appeal, there would be little point to Ms. Hou seeking bail pending appeal."); Mem. at 4 (noting that "the Appellate Court could . . . see [things] differently").) In addition to being circular in logic, Defendant's explication of the "substantial question" standard misses the mark. Obviously, it is not enough that a defendant raises non-frivolous arguments to a court or that a defendant disagrees with a court's ruling or that an appeals court might conceivably reverse the ruling. Rather, a defendant must demonstrate that, in the midst of the decision it is appealing, there is "'a "close" question or one that very well could be decided the other way.'" *Randell*, 761 F.2d at 125 (2d Cir. 1985) (quoting *United States v. Giancola*, 754 F.2d 898, 901 (11th Cir. 1985)).

Defendant asserts that four questions are adequately substantial to satisfy the requirements of 18 U.S.C. § 3143(b)(1): (1) the sufficiency of the evidence supporting her conviction; (2) the Court's jury instruction regarding conscious avoidance; (3) the admission of certain evidence; and (4) the validity of a search warrant for the contents of her e-mail account. The Court will address these questions in turn.

3

A. Sufficiency of the Evidence

With respect to the sufficiency of the evidence, Defendant argues that the evidence was not sufficient to convict on any of the three counts of conviction. The Court disagrees. As stated in its September 10, 2013 Order denying Defendant's Rule 29 motion, the evidence at trial squarely supported Defendant's conviction. In relation to the conviction for attempted wire fraud, the evidence taken as a whole, in the light most favorable to the government, showed that Defendant solicited straw donations, processed straw donations, and took steps to hide the source of those donations, more than a dozen of which were eligible for campaign matching funds from the City of New York. (*See, e.g.*, Trial Tr. ("Tr.") 753:4–755:25, 775:6–781:2, 816:20–817:14, 819:3–822:24; 829:21–830:4; Gov't Exs. ("GXs") 258, 277, 301, 519.) Regarding the conviction for obstruction of justice, the jury received evidence that Defendant failed to produce documents that were clearly responsive to a government subpoena and were related to straw-donor activity. (*see, e.g.*, GXs 276, 290, 291, 258, 1602) With respect to making false statements, the evidence showed that Defendant misrepresented to federal investigators that she had disclosed all fundraising intermediaries, even though she had not disclosed the names of several individuals who had bundled straw donations for the John Liu Campaign (the "Campaign") and whom she had personally identified as intermediaries. (Tr. at 775:6–781:2, 850:13–851:13; GXs 230, 232, 237–238, 254, 290–291, 1321.) In short, there is no close call. The evidence presented at trial clearly provided a sufficient basis from which a reasonable fact finder could conclude beyond a reasonable doubt that Defendant was guilty of the crimes for which she was convicted.

B. Jury Instruction

Defendant also argues that the jury was "improperly assuaged" by an "unwarranted" instruction as to conscious avoidance. (*See* Mem. at 6.) However, the Court's charge regarding conscious avoidance was a standard charge in this Circuit and was justified by the evidence and the arguments made on Defendant's behalf. In the Second Circuit, a "conscious avoidance instruction may be given only when (i) a defendant asserts the lack of some specific aspect of knowledge required for conviction, and (ii) the appropriate factual predicate for the charge exists, *i.e.*, the evidence is such that a rational juror may reach the conclusion beyond a reasonable doubt that the defendant was aware of a high probability of the fact in dispute and consciously avoided confirming that fact." *United States v. Quattrone*, 441 F.3d 153, 181 (2d Cir. 2006) (citations omitted). By this standard, a conscious avoidance charge was clearly warranted. For example, in relation to Count Two, Defendant argued – and still argues – that the government witnesses who testified about the May 9th fundraising event never told her about the straw donations that they gathered and submitted to the Campaign, so she lacked knowledge of the straw donations linked to that event. (*See* Mem. at 5.) However, the jury received evidence that Defendant processed multiple donations submitted by a single individual, that many of the donation forms listed the same address, that Defendant sought to avoid scrutiny by forging handwriting on donation forms, and that she took steps to hide from investigators the identities of the individuals who had gathered and personally delivered the straw donations to her. (Tr. at 745:21–747:2, 753:13–781:2; GXs 230, 232, 237–238, 254, 258, 290–291, 502, 503, 504, 1321.) Although Defendant maintains that she lacked knowledge of the straw donations or whether they would be eligible for matching funds, this evidence supports a finding that Defendant was aware of a high probability that most, or at least some, of the donations she collected in connection with

5

the May 9th event were made by straw donors and that she consciously avoided confirming that fact. Accordingly, a conscious avoidance charge was entirely proper and its use was not a close question.

### C. Evidentiary Rulings

Prior to trial, the Court ruled that the government could introduce evidence of Defendant's solicitation of a straw donation from an out-of-state donor, her online conversations about "shady" cash donations with a colleague, and a conversation with another colleague about forging handwriting on donor forms. Defendant contends that this evidence was impermissible propensity evidence under Federal Rule of Evidence 404 and that, even if it was permissible under Rule 404(b)(2), it was nevertheless unduly prejudicial under Rule 403. The evidence that Defendant challenges was relevant to show, among other things, Defendant's state of mind, absence of mistake, knowledge, and intent with regard to the charged conduct. As such, the evidence was clearly admissible under Rule 404. Nor does the Court agree that this evidence could be characterized as unfairly prejudicial pursuant to Rule 403. "All evidence that tends to incriminate a defendant is prejudicial, in the sense that it is harmful to [her] case, but Rule 403 only precludes the admission of evidence that is *unfairly* prejudicial." *United States v. Muyet*, 958 F. Supp. 136, 141 (S.D.N.Y. 1997) (citing *Untied States v. Gelzer*, 50 F.3d 1133, 1139 (2d Cir. 1995)). Here, the evidence at issue clearly related to Defendant's role in the charged activity, and supported fair inferences that Defendant knowingly advanced the straw donor scheme. To the extent such evidence "hurt" Defendant's case, it cannot be said that the evidence was *unfairly* prejudicial. Accordingly, the Court finds that Defendant has failed to raise a "close question" with respect to the Court's evidentiary rulings.

D. Validity of Search Warrant

The last putatively substantial question raised by Defendant is whether the government used an invalid search warrant to access Defendant's e-mail account, which contained evidence that was inculpatory as to all three counts of conviction. Specifically, Defendant argues that "the search warrant application was all but entirely based on [her] participation in the August 17th fundraising event," but that the Court – while exercising its authority to consider this conduct during the sentencing phase, even after the jury acquitted her of it – did not find by a preponderance of the evidence that Defendant participated in the event. (Mem. at 8; *see* Reply at 7–8.) Defendant reasons that, "if facts are not deemed sufficient to prove a claim under a preponderance of the evidence standard, they cannot have been proved by the more demanding probable cause standard required for the warrant." (Reply at 8.) Once again, Defendant clearly misconstrues the relevant legal standards. Contrary to Defendant's assertions, "'probable cause is a *lower standard* than preponderance of the evidence.'" *Clark v. Astrue*, 602 F.3d 140, 147 (2d Cir. 2010) (quoting *United States v. Juwa*, 508 F.3d 694, 701 (2d Cir. 2007)) (emphasis added). Therefore, there is no inconsistency between the magistrate judge's finding of probable cause with respect to the search of Defendant's e-mail account, and the Court's determination at sentencing that the government failed to prove Defendant's ties to the August 17 event by a preponderance of the evidence. Because Defendant does not raise any other basis for questioning the validity of the search warrant, she has failed to raise a substantial question.

IV. EXCEPTIONAL REASONS UNDER 18 U.S.C. § 3145(C)

Finally, Defendant argues that she should be bailed under the "exceptional reasons" provision of 18 U.S.C. § 3145(c). That section does not apply to this case, however. Section 3145(c) provides that a "person subject to detention pursuant to section 3143(a)(2) or (b)(2) . . .

7

may be ordered released . . . by the judicial officer, if it is clearly shown that there are exceptional circumstances why such person's detention would not be appropriate." Section 3143(a)(2) and (b)(2) require mandatory detention pending sentencing and appeal in cases that implicate "a crime of violence . . . for which a maximum term of imprisonment of 10 years or more is prescribed"; "an offense for which the maximum sentence is life imprisonment or death"; or "an offense for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act, the Controlled Substances Import and Export Act, or chapter 705 of title 46." 18 U.S.C. § 3142(f)(1)(A)–(C) (incorporated by reference in 18 U.S.C. § 3143(a)(2), (b)(2)). Because Defendant's case does not fall into any of these categories, the "exceptional reasons" provision does not apply here.[1]

## V. CONCLUSION

Because Defendant has failed to show both that she is not likely to flee and that her appeal presents a substantial question of law or fact, her application for bail pending appeal is HEREBY DENIED. As previously ordered, Defendant shall surrender on December 10, 2013 at the correctional facility to which she is designated.

SO ORDERED.

Dated:   December 2, 2013
         New York, New York

                                                    RICHARD J. SULLIVAN
                                                    UNITED STATES DISTRICT JUDGE

---

[1] Moreover, the Court notes that the exceptional reasons requirement applies *in addition to* Section 3143(b)(1)'s requirement that Defendant prove by clear and convincing evidence that she is not likely to flee and that her appeal presents a close question that is likely to change the outcome of her case. As noted above, the Court has already concluded that Defendant has failed to meet either of these prerequisites.

8