**Exhibit "D":
Government letter dated May 21, 2014**



U.S. Department of Justice

*United States Attorney*
*Southern District of New York*

The Silvio J. Mollo Building
One Saint Andrew's Plaza
New York, New York 10007

May 21, 2014

**BY EMAIL**

Gerald B. Lefcourt, Esq.
Sheryl E. Reich, Esq.
Law Offices of Gerald B. Lefcourt, P.C.
148 E.78th St.
New York, NY 10021

Irwin Rochman, Esq.
Gregory J. Ryan, Esq.
Tesser, Ryan & Rochman LLP
509 Madison Avenue, 10th Floor
New York, NY 10022

Re:   United States v. Xing Wu Pan and Jia Hou,
      No. S1 12 Cr. 153 (RJS)

Dear Counsel:

As we discussed earlier today, at trial in the above-referenced matter, the Government introduced a stipulation, signed by all parties, stating as follows:

1. During the time periods charged in the Indictment, it was the policy and practice of the New York City Campaign Finance Board (the "CFB") to provide matching campaign funds ("matching funds") to eligible recipients by transmitting the matching funds, through interstate wires, from accounts of the City of New York maintained at the Federal Reserve Board in Washington, D.C., to the corresponding bank account of the recipient of the matching funds, and such wires would pass through the Southern District of New York.

2. In order to provide the matching funds described above in paragraph one to a political campaign requesting such funds, the CFB would cause the matching funds to travel through interstate wires, which began or terminated or passed through the Southern District of New York, before being available to any political campaign requesting matching funds.

(GX 1501).

The facts set forth in this stipulation were based on facts provided to the Federal Bureau of Investigation by a representative of the CFB. During the course of trial preparations in another matter earlier this year, other Assistant United States Attorneys ("AUSAs") interviewed representatives of the CFB as well as representatives of J.P. Morgan Chase. Following those interviews, the AUSAs concluded that the information in GX 1501 was, in part, inaccurate. Specifically, the reference to the

"Federal Reserve Board in Washington, D.C." in paragraph 1 of GX 1501 should be replaced with the words "J.P Morgan Chase." With that change, the stipulation is accurate. For reference, we have attached two pieces of 3500 material, prepared in connection with the other case, for a witness from J.P. Morgan Chase who was prepared to testify regarding these matters, as well as a copy of GX 1501. Although this inaccuracy appears to be immaterial, we nevertheless wanted to alert you to it.

        Very truly yours,

        PREET BHARARA
        United States Attorney

By:    /s/
     BRIAN A. JACOBS / JUSTIN ANDERSON
     Assistant United States Attorneys
     (212) 637-2512 / -1035

Enclosures

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - x

UNITED STATES OF AMERICA

    - v. -

XING WU PAN,
   a/k/a "Oliver Pan," and
JIA HOU,
   a/k/a "Jenny Hou,"

        Defendants.
- - - - - - - - - - - - - - - - x

INTERSTATE WIRE
STIPULATION

S1 12 Cr. 153 (RJS)

    IT IS HEREBY STIPULATED AND AGREED by and between the United States of America, by PREET BHARARA, United States Attorney, Brian A. Jacobs and Justin Anderson, Assistant United States Attorneys, of counsel, and XING WU PAN, a/k/a "Oliver Pan," the defendant, by his counsel, Irwin Rochman, Esq., and Gregory J. Ryan, Esq., and JIA HOU, a/k/a "Jenny Hou," the defendant, by her counsel, Gerald B. Lefcourt, Esq., and Sheryl E. Reich, Esq., that:

    1.   During the time periods charged in the Indictment, it was the policy and practice of the New York City Campaign Finance Board (the "CFB") to provide matching campaign funds ("matching funds") to eligible recipients by transmitting the matching funds, through interstate wires, from accounts of the City of New York maintained at the Federal Reserve Board in Washington, D.C., to the corresponding bank account of the recipient of the matching funds, and such wires would pass through the Southern District of New York.

GOVERNMENT
EXHIBIT
1501
12 Cr. 153 (RJS)

2. In order to provide the matching funds described above in paragraph one to a political campaign requesting such funds, the CFB would cause the matching funds to travel through interstate wires, which began or terminated or passed through the Southern District of New York, before being available to any political campaign requesting matching funds.

IT IS FURTHER STIPULATED AND AGREED that this Stipulation may be received into evidence as a Government exhibit at trial.

Dated:   New York, New York
         January 17, 2013

BRIAN A. JACOBS / JUSTIN ANDERSON
Assistant United States Attorneys

IRWIN ROCHMAN / GREGORY RYAN       1-14-13
Attorneys for Xing Wu Pan

GERALD LEFCOURT / SHERYL REICH     1/14/13
Attorneys for Jia Hou

-2-

Andrew Koslow +
Paul O'Leary (sp?) JP Morgan Chase          2/5/14

① For interbank transfers
  — Chase's interface w/ Fedwire system is in Elgin, IL at least some
  — Fedwire servers are in E. Rutherford, NJ
  — Back-end accounting system re Chase accounts is in Delaware
  — Thus, bank-to-bank using Fedwire would move through multiple states.

② For transfers from 1 Chase acct to another Chase account
  — Information transmitted electronically to back-end server in Delaware to perform accounting functions
  — Thus, even if transfer is from Chase to another Chase account, transfer would still be accomplished through interstate wire

3516-1

2/7/14 – HSM, Andrew Kosloff, Steve Fullenkamp.

Steve Fullenkamp – Chase – works in US dollar clearing – payments business.

Knows how pieces of the puzzle fit together – familiarized with geography.

Most of the business resides in Tampa – but bits and pieces reside in different localities.

Will confirm that the NYC Campaign Finance Fund is with Chase, per subpoena.

Account – will check if it will reflect that address is in NY.

If client wants to move $ out of the account to another bank – need to initiate a transaction.  Client may initiate transfer through proprietary system that moves through Tampa.  System communicates with hub in Delaware.  Also have a system in DE that reviews for compliance purposes.  At same location, it goes into global funds processor (GFP) system – checks formatting on message.  If everything is formatted OK – it moves  - either by Fedwire or CHIPS.  Once method is selected, then goes into Global Funds Ccontrol – at same location in Delaware.  Funds control checks whether there's sufficient balance (or whether can be overdrawn temporarily) -then goes back to global funds processor.  If Fedwire, goes to Fed front-end system in Elgin IL – If CHIPS goes to CHIPS front-end system, also in Elgin, IL.  If Fed – goes from IL to E. Rutherford, NJ.  If CHIPS, goes from Elgin, IL to CHIPS processing center in NY, NY.

If Chase to Chase.  Initiate transfer – could go through proprietary system in via Tampa. Regardless, it ends up at GFP system in Delaware.  The GFP system will sees it's within Chase – treats it as a book transfer.  It then goes to Global Funds Control system.  If $ is there (or if overdraw permitted), then goes back to GFP, which executes the book transfer, and the account which belongs to the account-holder is debited, and the recipient, if on the books of Chase, would be credited.  That infrastructure resides in Delaware.

"Hub" – access mechanism – goes through Tampa.  Global funds Control.  DDA – demand deposit account – checking account.   Sits on a certain platform.  Regardless of Fed, Chips or books – going to be a debit to DDA. Credit also would take place in Delaware. Otherwise going out via Fedwire and CHIPS.

**3516-2**